UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TYJUAN THIGPEN,<br><br>            Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>            Defendant. | Civil Action No. 14-cv-1933<br>(KBJ/DAR) |

**MEMORANDUM OPINION ADOPTING**
**REPORT & RECOMMENDATION OF MAGISTRATE JUDGE**

On November 17, 2014, Plaintiff Tyjuan Thigpen filed a complaint in this Court against Carolyn Colvin ("Defendant"), Commissioner of the Social Security Administration ("SSA"), seeking judicial review of SSA's final decision to deny Plaintiff's application for Supplemental Security Income Benefits. (*See* Compl., ECF No. 1.) On November 18, 2014, this Court referred the matter to a Magistrate Judge for full case management. (Minute Order of November 18, 2014.) Then, the following year, Plaintiff filed a motion requesting reversal of the agency's final decision, or in the alternative, a remand to the Social Security Administration for a new administrative hearing. (*See* Pl.'s Mot. for J. of Rev., ECF No. 9; Pl.'s Mem. of Law in Supp. of Pl.'s Mot. for J. of Rev., ECF No. 9-1, at 1.)[1] Plaintiff asserted that the ALJ's denial decision was not supported by substantial evidence and was erroneous as a matter of

---

[1] Page numbers herein refer to those that the Court's electronic case filing system automatically assigns.

1

law because the ALJ had failed to perform a function-by-function assessment of Plaintiff's ability to perform the demands of his work.  (Pl.'s Mem. of Law in Supp. of Pl.'s Mot. for J. of Rev., ECF No. 9-1 at 1-5.)

In its opposition brief, Defendant argued there was substantial evidence to support the ALJ's decision, especially in light of Plaintiff's failure to offer supporting opinions from his treating physicians in favor of a finding of disability.  (Def.'s Mem. of Law in Supp. of Mot. for J. of Aff. and in Opp'n to Mot. for J. of Rev., ECF No. 11 at 8.)  Additionally, on December 17, 2015, Defendant moved for judgment of affirmance of the ALJ's final decision, on the grounds that there was substantial evidence to support the ALJ's determination that Plaintiff's impairments did not disable him.  (*See* Def.'s Mot. for J. of Aff., ECF No. 10.; Def.'s Mem. of Law in Supp. of Mot. for J. of Aff. and in Opp'n to Mot. for J. of Rev., ECF No. 11 at 1.)  In response, Plaintiff asserted that the ALJ erroneously rejected the opinions of the consultative examiner.  (Pl.'s Mem. of Law in Opp'n to Mot. for J. of Aff., ECF No. 13 at 1.)

Before this Court at present is the Report and Recommendation that the assigned Magistrate Judge (Deborah A. Robinson) has filed regarding Plaintiff's motion for judgment of reversal and Defendant's motion for judgement of affirmance.  (*See* ECF No. 17.)  The Report and Recommendation reflects Magistrate Judge Robinson's opinion that this Court should deny Plaintiff's motion for reversal and grant Defendant's motion for affirmance.  (*Id.* at 2.)  Specifically, Magistrate Judge Robinson finds that the ALJ provided a thorough analysis of the evidence in the record, offered exhaustive explanations for his conclusions, and explained why he assigned less weight to the consultative examiner's opinion and Plaintiff's testimony.  (*Id.* at 12-15.)

Magistrate Judge Robinson thus concludes that Plaintiff has not met his burden of demonstrating that the ALJ's decision was not supported by substantial evidence, or that the ALJ applied incorrect legal standards.  (*Id.* at 12.)

The Report and Recommendation also specifically advises the parties that either party may file written objections to the Report and Recommendation, which must include the portions of the findings and recommendations to which each objection is made and the basis for each such objection.  (*Id.* at 17.)  The Report and Recommendation further advises that the failure to file timely objections may result in waiver of further review of the matters addressed in the Report and Recommendation.  (*Id.* at 17.)  Under this Court's local rules, any party who objects to a Report and Recommendation must file a written objection with the Clerk of the Court within 14 days of the party's receipt of the Report and Recommendation, LCvR 72.3(b), and as of the date of the Opinion—more than one month after the Report and Recommendation was issued—no objections have been filed.

This Court has reviewed Magistrate Judge Robinson's report and agrees with its careful and thorough analysis and its conclusions.  Therefore, the Court will **ADOPT** the Report and Recommendation in its entirety and, accordingly, it will **DENY** Plaintiff's Motion for Reversal and will **GRANT** Defendant's Motion for Affirmance.  A separate Order accompanies this Memorandum Opinion.

DATE:  September 14, 2016                *Ketanji Brown Jackson*
                                                     KETANJI BROWN JACKSON
                                                     United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TYJUAN THIGPEN,<br><br>          Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>          Defendant. | Civil Action No. 14-01933<br>KBJ/DAR |

**REPORT AND RECOMMENDATION**

      Plaintiff, Tyjuan Thigpen, seeks judicial review, pursuant to 42 U. S. C. § 405(g), of the final decision of the Commissioner of the Social Security Administration denying his application for Supplemental Security Income Benefits.  *See* Complaint (ECF No. 1) ¶¶ 3-4; Memorandum in Support of Plaintiff's Motion for Judgment of Reversal ("Pl.'s Mem.") (ECF No. 9-1) at 1. This matter was referred to the undersigned United States Magistrate Judge for "full case management up to and excluding trial."  Referral to Magistrate Judge (ECF No. 3); 11/18/2014 Minute Order Referring Case.  After Defendant filed the administrative record ("AR") (ECF Nos. 5; 5-2 - 5-7), Plaintiff moved for judgment of reversal of the final decision of the Administrative Law Judge, or, in the alternative, for remand to the Social Security Administration for a new administrative hearing, and Defendant moved for judgment of affirmance of the final decision.  *See* Motion for Judgment of Reversal ("Pl.'s Mot.") (ECF No. 9); Defendant's Motion for Judgment of Affirmance and Opposition to Plaintiff's Motion for Judgment of Reversal ("Def.'s Mot.") (ECF No. 10).

Upon consideration of the motions, the memoranda in support thereof and opposition thereto, and the entire administrative record, the undersigned will recommend that the Court deny Plaintiff's motion and grant Defendant's motion.

**BACKGROUND**

On June 8, 2010, Plaintiff, who was then a 24-year-old man, applied for Supplemental Security Income Benefits. Pl.'s Mem. at 1. Plaintiff initially reported his disability onset date as October 31, 2009, but later amended the date to June 8, 2010. *Id*. at n. 1. Plaintiff alleges disability on the basis of depression and schizoaffective disorder. *Id*. (citation omitted). Plaintiff alleges that he has a long history of mental illness, including suicide attempts in April and May, 2010. *Id*. at 2. Plaintiff states that he stopped attending high school when he was in the twelfth grade, and that he has no past relevant work experience. *Id*. at 2; AR at 18, 40. Plaintiff's application was initially denied on October 28, 2010, and denied upon reconsideration on April 29, 2011. *See* AR at 65-67, 68-70.

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and said hearing took place on November 20, 2012. Pl.'s Mem. at 2. Plaintiff, Plaintiff's attorney and a vocational expert were present at the hearing. AR at 25. At the hearing, Plaintiff, through counsel, "requested a consultative mental examination and that the record be held open for updated records." AR at 11. The Plaintiff also reported that his current psychiatrist was "Dr. Johnson." *Id*. at 32. On December 6, 2012, Plaintiff underwent a consultative mental examination. *See* AR at 298 - 306. The consultative examiner subsequently issued a psychiatric report. *See id*. The ALJ avers that he considered the report of the said consultative mental examination as well as all the "updated or duplicate records submitted after the hearing . . . ." *Id*. The entire record that the ALJ considered included treating physician reports, a function report

from Plaintiff, a function report prepared by Plaintiff's mother, opinion evidence from state agency psychological consultants, vocational expert testimony, and the consultative medical examiner report. *See generally* AR 11-20.

On June 6, 2013, the ALJ issued a written decision, concluding that Plaintiff "has not been under a disability within the meaning of the Social Security Act since June 8, 2010, the amended alleged onset date." AR at 11. The ALJ, applying the five-step sequential evaluation process, made the following findings:

1. [Plaintiff] has not engaged in substantial gainful activity since June 8, 2010, the amended alleged onset date (20 CFR 415.971 *et seq.*)

2. [Plaintiff] has the following severe impairments: schizoaffective disorder; bipolar disorder; depressive disorder/mood disorder; and post-traumatic stress disorder (PTSD) (20 CFR 416.920(c)).

3. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. [Plaintiff] has residual functional capacity to perform a full range of work at all exertional levels, but with the following nonexertional limitations: work is limited to simple, routine, and repetitive tasks; work is low stress (defined as having no more than occasional decision-making required and no more than occasional changes in the work-setting); no production rate or paced work (such as would be done on an assembly line); and no more than occasional interaction with public or co-workers, and such interaction is limited to superficial interaction (such as a brief greeting or exchange of information), and/or interaction that is incidental to the work being performed.

5. [Plaintiff] has no past relevant work (20 CFR 416.965).

6. [Plaintiff] was born on March 1, 1989, and was 21 years old, which is defined as a younger individual age 18-49, on the amended alleged onset date (20 CFR 416.963).

7. [Plaintiff] has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because [Plaintiff] does not have past relevant work (20 CFR 416.968).

9.  Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 416.969 and 416.969(a)).

10. [Plaintiff] has not been under a disability, as defined in the Social Security Act, since June 8, 2010, the amended alleged onset date (20 CFR 416.920(g)).

See AR (ECF No. 5-2) at 13-20.

Accordingly, the ALJ concluded that Plaintiff was not disabled. In reaching that conclusion, the ALJ stated that "the examiner did not indicate that he reviewed any other medical records of the [Plaintiff] . . . " and "the report of the consultative examiner seems to indicate that he simply accepted and recorded all of [Plaintiff's] subjective complaints without any further analysis." AR at 18. The ALJ also found that "based on function reports and other records suggesting greater abilities than as alleged," Plaintiff's testimony regarding his activities of daily living was not "fully credible[.]" See AR at 14. Finally, the ALJ found that based upon the testimony of the vocational expert, Plaintiff is "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." AR at 19.

Thereafter, Plaintiff requested a review of the ALJ's decision by the Appeals Council. On September 18, 2014, the Appeals Council denied Plaintiff's request and stated that there was no reason under the rules to review the ALJ's decision. See AR at 1. Thus, the ALJ's decision became the final decision of the Commissioner. Id. Accordingly, "Plaintiff has fully and completely exhausted his administrative remedies[,]" prior to bring this action. Pl.'s Mem. at 2.

**CONTENTIONS OF THE PARTIES**

*Plaintiff's Motion for Reversal*

Plaintiff moves this Court for a judgment of reversal on the ground that the ALJ's decision is not supported by substantial evidence and is erroneous as a matter of law. Pl.'s Mot.

at 1.  Plaintiff contends that the ALJ erroneously assessed the Plaintiff's residual functional capacity ("RFC") by failing to "perform a function-by[-]function assessment of a [Plaintiff's] ability to perform the physical and mental demands of work."  See Pl.'s Mem. at 3-5.  Plaintiff contends that the ALJ "failed to properly perform [said] assessment, in that he erroneously evaluated the findings of the consultative examiner[.]"  Id. at 5.  Plaintiff contends that the ALJ erred in rejecting the opinion of the consultative medical examiner.  Id. at 5-6.  Specifically, Plaintiff argues that the ALJ's evaluation of the consultative examiner's opinion was erroneous for four reasons: (1) the ALJ failed to submit all of Plaintiff's records for review by the consultative examiner; (2) the ALJ substituted his judgment for that of the consultative examiner; (3) the ALJ's decision to "accord more weight to the opinions of the State Agency Psychological consultants than to the opinions of the [consultative examiner]" is not supported by substantial evidence, and (4) the ALJ failed to evaluate the medical opinions of the consultative examiner in accordance the six factors enumerated in 20 C.F.R. 416.927(c)(2015). [1]  Id at 7-12.

*Defendant's Motion for Affirmance and Opposition*

Defendant moves this Court for judgment of affirmance on the ground that "substantial evidence supports the ALJ's decision that Plaintiff's mental impairments did not disable him." Defendant's Memorandum in Support of Her Motion for Judgment of Affirmance and in Opposition to Plaintiff's Motion for Judgment of Reversal ("Def.'s Opp'n") (ECF No. 11) at 1.  Defendant submits that the large gaps and limited progress notes in Plaintiff's treatment record

---

[1] The State Agency psychological consultant opinions were provided by: Aroon Suansilppongse, M.D., dated October 26, 2010; Janet Brandon, Ph.D., and Norman Kane, Ph.D., dated April 25, 2011.  See Pl.'s Mem. at 8-9.  Treatment records indicate that Memunatu Bangura, M.D. treated Plaintiff during 2010-2011, and Kahlil Johnson, M.D., treated Plaintiff in 2012.  See Pl.'s Mem. at 9; see also AR at 15.

"demonstrate that – when Plaintiff took his medication – his behavior was cooperative; thought content was linear, logical, and goal directed; cognition was intact; insight was good; and judgment was good." *Id*. at 2. Defendant argues that the evidence in support of the ALJ's decision is overwhelming because there were no supporting opinions from Plaintiff's treating physicians in favor of a finding of disability; there were large gaps in Plaintiff's treatment history, and the few examinations conducted by Plaintiff's health providers were unremarkable. *Id*. at 8. Defendant asserts that the ALJ is the final authority on the ultimate disability, and that RFC determinations and consultative examiner's opinions are never entitled to controlling weight, particularly when they are inconsistent with or unsupported by the record. *Id*. at 8-9.

Defendant maintains that the ALJ provided well-supported reasons for giving little weight to the opinion of the consultative examiner. *Id* at 10. Among the findings on which Defendant relies are those with respect to (1) the examiner's apparent lack of analysis of Plaintiff's complaints; (2) the Plaintiff's credibility in the context of the extent that he allegedly sought treatment from mental health providers, where "the record reflects only a handful of visits to mental health providers . . . [, ]" and (3) Plaintiff's unsubstantiated reports to the consultative examiner that led the examiner to find that Plaintiff suffered from PTSD, a diagnosis absent from any of Plaintiff's treatment records. *See id*. at 10 (citation to AR omitted). Defendant maintains that because there was no evidence in the record supporting Plaintiff's claim of disability, and the consultative examiner seemed to "rel[y] too heavily on [Plaintiff's] self-reports – that were inconsistent with the record[,]" substantial evidence supports the ALJ's decision to discount the consultative examiner's opinion. *Id* at 10-11 (footnote omitted).

Defendant further maintains that the ALJ considered the treatment records of Plaintiff's mental health providers and that none of the records "document any limitations or findings that

support" the consultative examiner's extreme opinion. *Id*. at 11.  Defendant asserts that "the few examinations conducted by Plaintiff's mental health providers were unremarkable so long as Plaintiff took his medication." *Id*.  One of Plaintiff's mental health providers reported that "Plaintiff was cooperative with good memory, concentration, insight, and judgment." *Id*. (citation omitted).  Thereafter, another who examined Plaintiff on three occasions in 2012, reported that despite Plaintiff's depressed mood, his behavior was cooperative; thought content was linear, logical, and goal directed; cognition was intact; insight was good; and judgment was good. *Id*. (citation omitted).  Accordingly, Defendant maintains that the ALJ correctly concluded that "[t]he evidence does not support a finding that Plaintiff suffered from disabling health symptoms." *Id*. at 12.

Defendant contends that the ALJ considered other opinions of Plaintiff's medical records; that the time lapse between ALJ's decision and the opinions of the state agency psychological consultants does not render the opinions invalid, and that the ALJ properly engaged in his duty to evaluate the consultative examiner's opinions against the totality of the record. *See id*. at 12-13.

Finally, Defendant maintains that contrary to Plaintiff's assertions, the ALJ did not disregard the consultative examiner's findings; Defendant maintains that instead, after evaluating and weighing the totality of the evidence, the ALJ found that the consultative examiner "overstated Plaintiff's limitations in light of the remainder of the record, particularly Plaintiff's treatment records and opinion of the state agency psychological consultants." *Id*. at 14. Defendant maintains that the ALJ "issued a thorough RFC that accounted for significant mental limitations[]" including Plaintiff's difficulties with concentration, ability to handle stress, persistence and pace, and social interactions. *Id*.  Defendant submits that because the ALJ considered the totality of the evidence in Plaintiff's record and "accounted for Plaintiff's credibly

established limitations in his RFC finding." *Id*. Defendant maintains that "[t]he ALJ's decision that Plaintiff is not entitled to supplemental security income under the Act is supported by substantial evidence and was reached through the proper application of the law." *Id* at 15.

*Additional Contentions in Reply to the Parties' Motions*

Plaintiff, in reply, contends that "all of the information necessary for the psychological evaluation of an individual's psychological condition comes from the individual[,]" and that "the very nature of [such an] evaluation requires reliance upon, and evaluation of, an individual's self-report." *See* Plaintiff's Opposition to Defendant's Motion for Judgment of Affirmance and Reply to Defendant's Opposition to Plaintiff's Motion for Judgment of Reversal ("Pl.'s Reply") (ECF No. 14) at 3 (citation omitted). Plaintiff maintains that the consultative examination was necessary "to obtain a current evaluation of Plaintiff's psychological status to further develop the record, because of the paucity of the evidence in the record and the sporadic nature of Plaintiff's treatment." *Id*. Finally, Plaintiff contends that the ALJ, when "confronted" with the consultative examiner's report, "could have requested, a more thorough and detailed report, could have requested that the consultative examiner review other medical evidence of record, or could have ordered another evaluation." *Id*. at 4.

Defendant, in reply, notes that Plaintiff has never worked a full-time job and that Plaintiff reported that his reason for stopping his part time job was because his contract ended, and not because of his mental health. Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Judgment of Affirmance ("Def.'s Reply") (ECF No. 16) at 1. Defendant submits that whether or not the consultative medical examiner had Plaintiff's medical records, is immaterial because of "Plaintiff's sporadic and benign treatment history[.]" *Id*. at 2. Defendant maintains that the ALJ was not required to "uncritically" accept Plaintiff's self-reports to the consultative

examiner. *Id*. Finally, Defendant maintains that the ALJ was not required to "re-contact" the consultative physician because "[h]ere, there was sufficient evidence for the ALJ to make a disability determination." *Id*. at 2-3.

**STATUTORY FRAMEWORK**

The Social Security Act established a framework for the provision of "disability insurance benefits" to eligible individuals and "to provide supplemental security income to individuals who have attained age 65 or are blind or disabled." 42 U.S.C. §§ 423, 1381, 1381a. The statute defines disability for non-blind individuals as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" § 423(d)(1)(A); 20 C.F.R. § 416.905. A disabled individual is eligible for supplemental security income if he or she meets additional statutory requirements concerning "income" and "resources." 42 U.S.C. § 1382(a). The Social Security Administration has promulgated regulations, pursuant to the statue, outlining a five-step process for evaluating disability of adults. *See* 20 C.F.R. §§ 404.1520, 416.920.

First, the agency evaluates whether the claimant is "doing substantial gainful activity"; if so, the agency concludes that the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), (b); 416.920(a)(4)(I), (b). If not, the agency determines whether the claimant has "a severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement . . . ." §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The impairment or combination of impairments is severe if it "significantly limits [the claimant's] physical or mental ability to do basic work activities . . . ." §§ 404.1520(c); 416.920(c). If deemed severe, the agency then determines whether the

impairment "meets or equals one of [the] listings"; if so, and it meets the duration requirement, the agency concludes that the claimant is disabled. §§ 404.1520(a)(4)(iii), (d); 416.920(a)(4)(iii), (d). The "listings" refers to a "listing of impairments" which "describes for each of the major body systems impairments that [the agency] consider[s] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." § 404.1525(a).

Next, the agency assesses the claimant's "residual functional capacity and . . . past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), (e), (f); 416.920(a)(4)(iv), (e), (f). Residual functional capacity is "the most [an individual] can still do despite" "physical and mental limitations," from all medically determinable impairments, "that affect what [he or she] can do in a work setting." § 404.1545. If the claimant has the residual functional capacity to perform his or her "past relevant work," the claimant is deemed not disabled. § 404.1560(b)(3). Otherwise, the agency assesses the claimant's "residual functional capacity and . . . age, education, and work experience to see if [he or she] can make an adjustment to other work." §§ 404.1520(a)(4)(v), (g); 416.920(a)(4)(v), (g). If the claimant can adjust to other work that "exist[s] in significant numbers in the national economy," the agency determines that the individual is not disabled. § 404.1560(c). However, if the claimant cannot make such an adjustment, the agency finds that the individual is disabled. §§ 404.1520(g)(1), 416.920(g)(1).

**APPLICABLE STANDARD**

Under Section 405(g) of the Social Security Act, a district court has the power to review "any final decision" of the Commissioner of Social Security. *See* 42 U.S.C. § 405(g); *Settles v. Colvin*, 121 F. Supp. 3d 163, 169 (D.D.C. 2015). The court must affirm the Commissioner's decision where it is "supported by substantial evidence" and "not tainted by an error of law."

*Perry v. Colvin*, No. 15-0372, 2016 WL 471280, at * 3 (D.D.C. Feb. 8, 2016) (citing *Smith v. Bowen,* 826 F.2d 1120, 1121 (D.C. Cir. 1987). "The Commissioner's ultimate determination will not be disturbed if it is based on substantial evidence in the record and correctly applies the relevant legal standards." *Settles*, 121 F. Supp. 3d at 169 (citing *Butler v. Barnhart,* 353 F.3d 992, 999 (D.C. Cir. 2004). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Butler*, 353 F.3d at 999 (citing *Richardson v. Perales,* 402 U.S. 389, 401 (1971)). "The test requires more than a scintilla, but can be satisfied by something less than a preponderance of the evidence." *Id.* (citation omitted) (internal quotation marks omitted).

A district court's review of whether substantial evidence supports an ALJ's decision is "highly differential to the agency fact-finder[.]" *See Settles*, 121 F. Supp. 3d at 169 (quoting *Rossello ex rel. Rossello v. Astrue*, 529 F.3d 1181, 1185 (D.C. Cir. 2008). "Even if supported by substantial evidence, however, the court will not uphold the Commissioner's findings if the Commissioner reached them by applying an erroneous legal standard." *Jackson v. Barnhart,* 271 F. Supp. 2d 30, 33 (D.D.C. 2002) (citation omitted). To determine whether the Commissioner's decision is free from legal error and supported by substantial evidence, the court must "carefully scrutinize the entire record," but "may not reweigh the evidence and replace the [Commissioner's] judgment regarding the weight of the evidence with its own." *Id*. at 34 (citation omitted); *see also Perry v. Colvin*, 2016 WL 471280, at *3.). "The Plaintiff bears the burden of demonstrating that the Commissioner's decision [was] not based on substantial evidence or that incorrect legal standards were applied." *Simpson v. Colvin*, 121 F. Supp. 3d 31, 37 (D.D.C. 2015) (quoting *Muldrow v. Astrue*, No. 11-1385, 2012 WL 2877697, at *6 (D.D.C. July 11, 2016) (citation omitted). A district court has discretion "to enter, upon the pleadings

and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing." *Ademakinwa v. Astrue*, 696 F. Supp. 2d 107, 110 (D.D.C. 2010) (quoting 42 U.S.C. § 405(g)).

**DISCUSSION**

The undersigned finds that the Plaintiff has not met his burden to demonstrate that the ALJ's decision that he was not disabled as of the alleged onset date, was not supported by substantial evidence, or that the ALJ applied incorrect legal standards. In reviewing whether the ALJ's decision was supported by substantial evidence, the undersigned, in keeping with the applicable standard in this Circuit, "is highly differential to the agency fact-finder," here, the ALJ. *See Settles*, 121 F. Supp. 3d at 169 (citation omitted). While the undersigned is required to carefully scrutinize the record, the undersigned may not reweigh the evidence or make credibility determinations. *See Jackson*, 271 F. Supp. 2d at 34.

The undersigned finds that Plaintiff's arguments lack merit because in a discussion spanning six pages, the ALJ provides a thorough analysis of the evidence in the record including Plaintiff's testimony; Plaintiff's function report; a function report prepared by Plaintiff's mother; the consultative examiner's report; Plaintiff's treating physicians' reports; opinion evidence from three state psychological consultants, and the vocational expert's testimony. *See* AR at 14-19. The ALJ, in his narrative, mentions specific evidence and findings and explains why he assigned less weight to the consultative examiner's opinion and Plaintiff's testimony. *Id*. at 18. *Cf. Meriwether v. Astrue*, No. 12-67, 2014 WL 8850108, at *14 (D.D.C. Nov. 24, 2014) (recommending that case be remanded where ALJ failed to "explain the amount of weight he gave to the medical evidence in the record[.]"); *see also Butler*, 353 F.3d at 1002 ("The judiciary can scarcely perform its assigned review function, limited though it is, without some indication

not only of what evidence was credited, but also whether other evidence was rejected rather than simply ignored.") (citation omitted).

Here, the ALJ found that Plaintiff did not have a disability within the meaning of the Act. AR at 11.  The ALJ found that Plaintiff's impairments "cause more than a minimal effect" on Plaintiff's ability to perform basic work activities." AR at 13.  While Plaintiff argues that the opinions of the consultative examiner support a finding for Plaintiff to be eligible for disability benefits, the ALJ found that Plaintiff's impairments "considered singly and in combination, do not meet or medically equal the criteria of listings 12.03, 12.04, and 12.05." AR at 13.

The undersigned finds that substantial evidence supports the ALJ's finding that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments[.]" AR at 13.  The ALJ found that the accounts of his health which Plaintiff provided to the consultative medical examiner were not fully credible and indeed, were inconsistent with the accounts he provided to his treating physicians. *Id*. at 14.  With respect to activities of daily living, social functioning and concentration, and persistence and pace, the ALJ found that Plaintiff "has no more than moderate limitations." *Id*. at 14-15.  In reaching that conclusion, the ALJ considered, for example, that in his July 2010 function report, Plaintiff reported that he irons and does laundry, goes outside about three times a week, does shopping in stores and online, talks on the phone and visits his brother about two times a week. *See id*. at 14; *see also* Plaintiff's Function Report ("AR (4E)") at 174 to 184.  Plaintiff also reported that he is not sure of what to wear ever, he doesn't know what to do with his hair and doesn't want to shave.  AR (4E) at 178.  However, according to a 2011 function report prepared by Plaintiff's mother, ("AR (8E)"), Plaintiff "has no problems with personal care beyond needing occasional reminders."  AR at 14, *see also* AR (8E) at 195-205.  She also reported,

among other activities, that he takes out the trash, cleans his sleeping area, watches television and writes music "just about every day," and that he spends time with his children. AR at 14; AR (8E) at 200-202. The ALJ explained that "based on function reports and other records suggesting greater abilities than alleged, with treatment records not noteworthy for increasing levels of care, [Plaintiff] is not found fully credible that his activities of daily living are as limited as he testified." AR at 14.

The ALJ observed Plaintiff's demeanor during the hearing and noted that Plaintiff interacted appropriately. *Id*. The ALJ noted that while Plaintiff reported to the consultative mental examiner that "he does not get along with others," Plaintiff reported talking to friends on the phone "every other day." *Id*. The ALJ also noted that while Plaintiff reported to the consultative examiner that "crowds bother him," the consultative examiner reported that Plaintiff arrived on time to his appointment by subway. *Id*. at 14, 303. The consultative examiner also reported that Plaintiff was cooperative during the interview and "had fair grooming." *Id*. at 304. The ALJ found that when Plaintiff "does not take his medications, he gets a temper and becomes paranoid." *Id*. at 15 (citation omitted). However, the ALJ found that Plaintiff's records generally note that he is cooperative, and that the records are "not noteworthy for [Plaintiff] described as hostile, combative, or anything similarly concerning[.]" *Id*. (citations omitted).

The ALJ also found that Plaintiff had not experienced "episodes of decompensation, which have been of extended duration." *Id*. at 15. At the hearing, Plaintiff "testified to symptoms from depression, bipolar, and schizophrenia." *Id*. at 17. However, the ALJ found based on a review of the record, that Plaintiff's statements concerning the "intensity, persistence and limiting effects of [Plaintiff's] symptoms are not entirely credible[.]" *Id*. The ALJ noted that Plaintiff "does not have a good earnings history and stopped working" for reasons other than

his alleged disability.  *Id*.  The ALJ found that these facts do "not bolster his credibility considering his willingness and desire to work . . . ."  *Id*.  On that basis, the ALJ found that the "[i]nconsistencies noted throughout the record and mostly routine medication management with stability noted for a very long period and no further inpatient encounters does not support the alleged intensity, persistence, or limiting effects of [Plaintiff's] alleged symptoms."  *Id*.

In sum, the undersigned finds that the ALJ provided exhaustive explanations for his conclusion that the record does not "substantiate [Plaintiff's alleged] disabling mental health symptoms."  *See id*. at 17-18.  *See Carnett v. Colvin*, 82 F. Supp. 3d 1, 16, 18 (D.D.C. 2015) (citation omitted) (finding that the ALJ's decision was supported by substantial evidence where "the ALJ's credibility determination was . . . based on the whole record and explained in his decision."); *see also Brown v. Bowen,* 794 F.2d 703, 706 (D.C. Cir. 1986) ("While contradictory evidence may exist, such credibility determinations are for the factfinder who hears the testimony[.]")

After considering all the evidence, "[t]o account for mental health symptoms, [the ALJ] limited Plaintiff to simple, routine, repetitive, low-stress, non-rapid work in a relatively isolated work environment."  *Id*. at 18.  "Based on the testimony of the [vocational expert]," the ALJ concluded "that considering Plaintiff's age, education, work experience, and residual functional capacity, Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy."  *Id*. at 19.

With respect to Plaintiff's arguments regarding the time lapse between the ALJ's decision and the opinions of the state agency psychological consultants (*see* Pl.'s Mem. at 9), the undersigned notes that at the time of the hearing, Plaintiff reported that he was seeing a psychiatrist (Dr. Johnson); that his last visit to Dr. Johnson was in August 2012; the hearing took

place on November 2012, and the consultative exam took place on December 6, 2012. *See* AR at 15, 18, 32. The undersigned finds that the close proximity between the Plaintiff's visits with Dr. Johnson, the hearing and the consultative exam, was a sufficient basis upon which to determine Plaintiff's *current mental* status for the purposes of a disability finding. The undersigned agrees, as Defendant submits, that the alleged time lapse did not render the opinions invalid, and that the ALJ properly engaged in his duty to evaluate the consultative examiner's opinions against the totality of the record. *See* Def.'s Opp'n at 12-13.

Plaintiff argues that the ALJ could have taken further steps to develop the record by requesting that the consultative examiner provide a more detailed report or ordering another consultative exam. *See* Pl.'s Reply at 4. However, the ALJ has explained that there were inconsistencies between Plaintiff's self-reports to the consultative examiner and other records, casting doubt upon the credibility of Plaintiff's reports to the consultative examiner. *See* AR at 18. For example, the ALJ noted that while Plaintiff reported to the consultative examiner that he had been in therapy since June 2010, there is no evidence in the record to support this assertion. *Id*. Furthermore, while Plaintiff reported to the consultative examiner that he saw a "psychiatrist weekly to every other week," the record shows that Plaintiff had only "three twenty minute visits over a very long period." *Id*. Finally, the ALJ noted that Plaintiff reported "symptoms not noted elsewhere that led to a diagnosis of PTSD, a diagnosis not noted in any of his other treatment records." *Id*. (citation omitted).

At the hearing, the ALJ, upon request by Plaintiff's attorney, agreed to keep the record open for the alleged ongoing psychiatric treatment record, and considered the request for a consultative examination, before going off the record. *See* AR at 18, 52. The ALJ noted that the

treatment records submitted by Plaintiff's attorney in January of 2013, did not go further than August 2012. *Id*. at 18.

The undersigned finds that (1) substantial evidence supports the ALJ's decision that Plaintiff was not disabled under the meaning of the Social Security Act, (2) the ALJ was not required to uncritically accept the consultative examiner's opinion, giving the glaring inconsistencies and Plaintiffs credibility, and (3) the ALJ was not required to order another consultative exam.

> While the ALJ [may] request a consultative exam, it is not required. A consultative exam may be an appropriate way to complete the record if the medical evidence about a claimant's impairment(s) is insufficient, highly technical, or specialized medical evidence is needed that cannot be obtained from a claimant's treating physician, or if there is an indication of a change in a claimant's condition that is likely to affect the claimant's ability to work, but the severity of her impairment has not been established.

*Meriwether,* 2014 WL 8850108, at *12 (citing 20 C.F.R. § 404.919a (b)(1)(4)).

## **CONCLUSION**

For all of the foregoing reasons, it is, this 5th of August, 2016, hereby

**RECOMMENDED** that Plaintiff's Motion for Judgment of Reversal (ECF No. 9) be **DENIED,** and that Defendant's Motion for Judgment of Affirmance (ECF No. 10) be **GRANTED.**

                                                                    /s/
                                            DEBORAH A. ROBINSON
                                            United States Magistrate Judge

**Within fourteen days, either party may file written objections to this report and recommendation. The objections shall specifically identify the portions of the findings and recommendations to which objection is made and the basis of each such objection. In the absence of timely objections, further review of issues addressed herein may be deemed waived.**